## OGLETREE et al. v. ABRAMS et al.
### No. 4094.

Court of Civil Appeals of Texas. Texarkana.
Nov. 12, 1931.

Rehearing Denied Nov. 19, 1931.

Homer L. Baughman and Marvin H. Brown & Son, all of Fort Worth, for appellants.

Mays & Mays, of Fort Worth, for appellees.

SELLERS, J.

This suit was instituted by appellants Winnie Ogletree, Cynthia Hubbard, and Robert Foreman against appellees Amelia Abrams Roseborough and Virsey Abrams to partition certain lands located in the city of Fort Worth, Tarrant county, Tex., and appellants, feeling aggrieved by the judgment entered by the trial court, have duly prosecuted this appeal.

W. M. Abrams and Delia Foreman were married in 1913, and shortly thereafter purchased the lands here sought to be partitioned from W. R. Hurley; the deed of conveyance being as follows:

"Know all men by these presents:

"That I, W. R. Hurley of the County of Tarrant, State of Texas, for and in consideration of the sum of Nine Hundred ($900.00) Dollars to me paid, and secured to be paid,

by W. M. Abrams and Delia Abrams as follows:

"$375.15 cash in hand paid, the receipt of which is hereby acknowledged and their promissory note in the sum of $552.85 of even date herewith bearing interest from date at 8% per annum, payable in installments of $12.50 the first days of each month hereinafter until paid; the usual clauses of 10% attorney's fees and option to declare due on failure of payment of any installment inserted. In case of death of grantees, the title and ownership is vested in Virsey Abrams, as to the 100 foot strip off East side of lots conveyed herein, but the West portion is vested in said grantees.

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said W. M. Abrams and Delia Abrams, husband and wife of the County of Tarrant, State of Texas, all that certain tract of land situated in Tarrant County, Texas, and being:

"Lots Nos. Seven, Eight and Nine (7, 8 & 9) of Block No. Eighty-four (84), of Riverside or Martindale's Addition to Fort Worth, Texas, being all of said lots lying South of the right-of-way of the Rock Island Right-of-way.

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said W. M. Abrams and Delia Abrams and their heirs and administrators, to warrant and forever defend all and singular the said premises unto the said W. M. Abrams and Delia Abrams and their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to its face and tenor, effect and reading, when this deed shall become absolute."

Appellants are children of Delia Abrams by a former marriage, and appellee Amelia Abrams Roseborough is the child of W. M. Abrams by a former marriage, and appellee Virsey Abrams is a niece of W. M. Abrams. Both W. M. Abrams and Delia Abrams are now deceased.

The sole question to be determined on this appeal is whether the trial court erred in awarding Virsey Abrams a judgment for the east 100 feet of the property described in the above deed as her separate property.

■ It is the contention of appellants that the clause, "In case of death of grantees, the title and ownership is vested in Virsey Abrams, as to the 100 foot strip off East side of lots conveyed herein, but the West portion

is vested in said grantees," as inserted in the deed, is meaningless and surplusage, and passed no title whatsoever to Virsey Abrams. It is not insisted by appellants that the deed does not show a clear intention on the part of both the grantor and the grantees to give Virsey Abrams title to the 100-foot strip of land to take effect at the death of grantees, but that the clause as carried into the deed could not, as a matter of law, operate to vest title in Virsey Abrams to the 100 feet of land in controversy. Article 1293, R. S. 1925, provides: "No person shall be obliged to insert the covenant of warranty, or be restrained from inserting any clause or clauses in conveyances hereafter to be made, that may be deemed proper and advisable by purchaser and seller; and other forms not contravening the laws of the land shall not be invalidated."

It would seem from the provisions that the seller and purchaser in this deed had a statutory right to insert in the deed the very clause complained of, and it is believed that the place in the deed where the clause was inserted is of no importance, so long as the clear intention of the parties may be ascertained from the deed as a whole, since it has been held that no particular form is required to convey lands in Texas. Leal v. Leal (Tex. Civ. App.) 4 S.W.(2d) 985.

It is our opinion that the grantor, W. R. Hurley, had a legal right to provide in the deed that on the death of grantees title to the 100-foot strip of land should vest in Virsey Abrams. Runge v. Freshman et al. (Tex. Civ. App.) 216 S. W. 254. This was certainly the intention of the parties, and in so holding we give effect to all clauses in the deed, as it is our duty to do whenever possible. Benskin et al. v. Barksdale (Tex. Com. App.) 246 S. W. 360.

As we view the provisions in the deed, there was no error by the trial court in awarding to Virsey Abrams the 100-foot strip of land off the east side of the lots involved as her separate property.

The judgment of the trial court will be affirmed.